**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis M Monroe, | No. CV-18-02571-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Dennis M. Monroe's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 23) ("Motion"). The Motion (Doc. 23) is timely and unopposed. The Court now rules on the Motion (Doc. 23).

## I.    BACKGROUND

Plaintiff appealed the Social Security Commissioner's decision denying disability insurance benefits. (Doc. 1; Doc. 15). The Court found reversible error and remanded. (Doc. 21 at 15–16).

## II.    LEGAL STANDARD

A prevailing party is entitled to reasonable attorney fees under the Equal Access to Justice Act (EAJA) unless the government's position "was substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The government bears the burden of showing that its position was substantially justified. *Gutierrez*, 274 F.3d at 1258. The government fails to meet that burden when it does not timely respond to a request for fees

under the EAJA. *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004). Alternatively, the government's failure to timely respond can be treated as a concession that its opposition was not substantially justified. *Id.*

**III.    ENTITLEMENT TO FEES UNDER EAJA**

Plaintiff is the prevailing party because the Court reversed the ALJ's determination denying benefits and remanded the case for redetermination. *See Gutierrez*, 274 F.3d at 1257. The Court finds that no special circumstances would render an award unjust. Thus, the Court must determine if the government's opposition to the appeal was substantially justified.

The government did not respond to Plaintiff's Motion (Doc. 23). Consequently, either the government has conceded that its opposition to Plaintiff's appeal of the ALJ's decision was not substantially justified or the Court finds that the government did not meet its burden of showing the same. Either way, the Motion (Doc. 23) will be granted as a result of the government's failure to respond.

**IV.    REASONABLENESS OF THE REQUEST**

Once the Court has found entitlement to fees under the EAJA, the Court must review the fees request to ensure that the amount of fees requested is reasonable. Indeed, the Court "has an independent obligation to ensure that the request is reasonable." *Antunez v. Comm'r of Soc. Sec. Admin.*, No. CV-16-01072-PHX-JAT, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017) (citations omitted).

Plaintiff requests $6,742.14 for 32.9 hours of attorney work and $85.00 for 1.7 hours of paralegal work for a total award of $6,827.14. (*See* Doc. 23 at 1–2; Doc. 23-1 at 5–6). Courts within the Ninth Circuit have recognized that a range of twenty to forty hours is a reasonable amount of time to spend on a social security disability case that is not particularly difficult. *See Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases). Here, Plaintiff's requested hours fall within that spectrum. The Court has also reviewed the itemized statement of fees filed by Plaintiff, (Doc. 23-1 at 5–6), and the Court

finds that the amount of time recorded for each task listed is reasonable. Finally, a prevailing party may recover fees for paralegal services so long as the fees are at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). The Court finds that the paralegal fees charged here are at prevailing market rates. *See Owens v. Comm'r of Soc. Sec. Admin.*, No. CV-16-00970-PHX-JAT, 2017 WL 3172868, at *2 (D. Ariz. July 26, 2017). Accordingly, the Court finds that $6,827.14 in fees is reasonable, and thus, the Court will award Plaintiff that amount.

## V.     CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 23) is **GRANTED** in the amount of $6,827.14. This award shall be payable directly to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Dated this 27th day of March, 2020.

James A. Teilborg
Senior United States District Judge