**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis M Monroe, | No. CV-18-02571-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) of the Social Security Act. (Doc. 25). The Commissioner did not file a response. The Court now rules.

**I.      BACKGROUND**

Following a denial of benefits, Plaintiff Dennis Monroe filed an action in this Court seeking judicial review of the Commissioner's final decision. (Doc. 1 and 15). The Court found reversible error and remanded the claim back to the administrative law judge for further proceedings. (Doc. 21). Thereafter, the Commissioner issued a Notice of Award in the amount of $86,693.00 for past-due benefits.

Plaintiff's counsel now seeks a fee award of $21,673.25, equal to 25% of Plaintiff's back pay. (Doc. 25). For the following reasons, the Court will grant Plaintiff's counsel's motion requesting fees in the amount of $21,673.25.

**II.     APPLICABLE LAW AND ANALYSIS**

Attorneys who successfully represent Social Security benefits claimants can recover

attorney's fees under section 406(b) of the Social Security Act. 42 U.S.C. § 406(b)(1)(A). 42 U.S.C. § 406(b) permits the court to award a reasonable fee to plaintiff's counsel, not to exceed 25%. *Id.*

To determine a reasonable fee to plaintiff's counsel, the Supreme Court held that §406(b) "does not displace contingent-fee agreements," but calls for courts to provide an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court also said that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)(1)(A)) (footnote omitted).

In determining whether fees sought under § 406(b) are reasonable, courts consider the contingent-fee agreement, the character of the attorney's representation, and the results achieved. *Id.* at 808. Courts may also consider the number of hours spent representing the claimant and the lawyer's normal hourly billing rate for non-contingent-fee cases, but this information does not control the reasonableness determination. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the Equal Access to Justice Act (EAJA) and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

Here, the Court finds that the amount sought by counsel is reasonable. Plaintiff contracted to pay 25% of past-due benefits on a contingent fee basis for work performed at the Federal Court level. Plaintiff's counsel seeks $21,673.25 or 25% of the past-due amount awarded to Plaintiff. Counsel claims to have spent 32.9 hours of services rendered in Federal Court. Based on the hours expended, 406(b) fees would be computed at $658.76 per hour. This amount is in line with approved effective hourly rates by the Ninth Circuit. *Kellogg v. Astrue*, No. CV 09-00982-PHX-JAT, 2013 WL 5236638, at *2 (D. Ariz. Sept. 17, 2013) (lowering § 406(b) fee award to reflect a rate of $750 an hour to render the request reasonable).

Moreover, there is no indication in the record of any substandard performance by Plaintiff's counsel. Counsel successfully convinced the Court to remand Plaintiff's case to

the Social Security Administration. After further proceedings, the Commissioner found Plaintiff disabled and eligible for benefits. There is no indication of substandard performance or undue delay by Mr. Caldwell in prosecuting Plaintiff's case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009). There is also no indication of "fraud or overreaching in the making of the 25% contingent-fee agreement[ ]." *Id.*

Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $21,673.25 is reasonable. Because Plaintiff was also awarded EAJA fees, (Doc. 24), counsel must refund the lesser of the two fees to Plaintiff.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. 25) is **GRANTED** in the amount of $21,673.25.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the Equal Access to Justice Act, in the amount of $6,827.14.

Dated this 9th day of March, 2022.

James A. Teilborg
Senior United States District Judge